IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| INGRID MORRISON, Individually and as Surviving Spouse of J.D. MORRISON, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-1204-D |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

By Order of October 11, 2012, this case was stayed pending written notice from Plaintiff that Defendant had complied with an order compelling discovery that was issued in open court on July 13, 2012. On May 6, 2013, Plaintiff filed a Notice to the Court [Doc. No. 70] regarding the status of Defendant's compliance with the Court's discovery orders. The Notice indicates that Defendant has still failed to produce documents with regard to four specific requests for production. Defendant filed a response to the Notice on May 28, 2013, and with permission, an amended response on July 2, 2013. The Court addresses the remaining discovery issues as follows:

**First Set of Requests for Production, No. 24** (organizational charts). Plaintiff requested current charts for Defendant's entire organization, the Oklahoma region, and operations involving accidental death insurance. The Court ordered the production of nonprivileged, responsive documents. Plaintiff states that Defendant produced only an

organizational chart published in its 2011 annual statement. Defendant responds that this document is the only organizational chart in its custody or control that is responsive to Plaintiff's request. Accepting this representation of counsel, filed pursuant to Fed. R. Civ. P. 11(b), the Court finds Defendant's response to Request No. 24 is sufficient.

**Second Set of Requests for Production, No. 1** (discovery materials in *Pitts v. Stonebridge Life Ins Co.*, Case No. 01-03395-F (Nueces County, Texas)). Plaintiff requested complete copies of all discovery materials produced or utilized by Defendant or affiliated companies in the *Pitts* case, as more specifically described in Plaintiff's written request. The Court ordered the production of responsive, nonresponsive documents within Defendant's custody or control by making them available to Plaintiff for inspection and copying. Plaintiff states that Defendant has failed to produce any documents responsive to this request. Defendant responds that discovery in the *Pitts* case was concluded before January 1, 2007, and thus there are no responsive documents because the Court's July 13, 2012 Order limited production to the preceding five years. Alternatively, Defendant requests reconsideration of the July 13 Order with regard to the *Pitts* discovery materials.

Defendant incorrectly states that the Court imposed a five-year time limit with regard to this Request No. 1. The Court ruled that other requests made by Plaintiff for categories of documents within a 10-year time period, or without any time limit, were overbroad and would be limited to the past five years, or after January 1, 2007 (*see* Request No 2 *infra*). Because Request No. 1 was specific, however, and limited to materials in a particular case, the Court did not condition its order for production on a time limit, and Defendant's

contention to the contrary is unfounded.  Further, Defendant presents no proper basis for reconsideration of the July 13 Order.  Therefore, Defendant must comply with the Court's Order for production regarding this Request No. 1.

**Second Set of Requests for Production, No. 2** (conduct examination reports).  Plaintiff requested copies of any market conduct examination reports by state insurance departments regarding Defendant or affiliated companies since January 1, 2000.  The Court ordered the production of responsive documents, limited to reports involving accidental death insurance policies issued within the past five years, or after January 1, 2007.  Plaintiff states that Defendant has failed to produce any reports and, instead, has stated no responsive documents exist.  Plaintiff expresses concern that Defendant has limited its definition of responsive documents in a way not intended by the Court.

In response, Defendant explains its understanding of the Court's Order, and states that a renewed search uncovered one responsive document (an affiliate's report that discusses accidental death insurance), which has been produced to Plaintiff.  Accepting this response, to which Plaintiff has made no timely reply, the Court finds Defendant's response to Request No. 2 is sufficient.

**Third Set of Requests for Production, No. 1** (depositions or affidavits of certain individuals).  Plaintiff requested copies of all deposition transcripts, video recordings, and affidavits of five persons named in the request.  Plaintiff states that Defendant has produced deposition transcripts for three people, but has failed to produce any affidavits or videotapes (even though some transcripts reflect videotaping) and has failed to determine whether one

person gave any depositions. Defendant responds, correctly, that the Court limited its order for production to documents regarding accidental death insurance policies dated within the past five years. Defendant states it has produced all responsive deposition transcripts, and a diligent search has uncovered no responsive affidavits.[1] Defendant further states it has no videotapes in its possession. Accepting these representations, the Court finds Defendant has adequately responded to this Request No. 1.

Subject to Defendant's timely compliance with the terms of this Order, the Court finds that the stay of this case should be lifted and that Plaintiff should be directed to respond to the pending motion for summary judgment.

IT IS THEREFORE ORDERED that Defendant shall comply with the Court's prior orders for production, as set forth herein, within 14 days from the date of this Order.

IT IS FURTHER ORDERED that the stay imposed on October 11, 2012, is lifted. Plaintiff shall respond to Defendant's Motion for Summary Judgment [Doc. No. 44] within 30 days from the date of this Order.

IT IS SO ORDERED this 15th day of July, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's amended response indicates that it subsequently located the person previously omitted from its response, but has determined there are no responsive documents involving her.

4