IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| INGRID MORRISON, Individually and as Surviving Spouse of J.D. MORRISON, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-1204-D |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court upon Defendant's Motion for Summary Judgment [Doc. No. 44] filed pursuant to Fed. R. Civ. P. 56 on October 8, 2012, under a scheduling order that was later suspended due to a stay of the case. In imposing the stay on October 11, 2012, the Court expressly stayed the "deadlines for Plaintiff to make expert disclosures, designate witnesses and exhibits, and respond to Defendant's Motion for Summary Judgment;" other unexpired deadlines that were stayed included the discovery cut-off. *See* Order 10/11/12 [Doc. No. 46] at 2. The stay was lifted by Order of July 15, 2013, and Plaintiff was directed to respond to the summary judgment motion.[1]

Defendant's Motion seeks summary judgment on the following grounds: 1) Medical evidence establishes that the death of Plaintiff's husband was not caused by an accident that was direct and independent of all other causes, as required by the life insurance policy; his

---

[1] Through oversight, Plaintiff was not given a deadline to provide expert disclosures or file her lists of witnesses and exhibits, nor were other deadlines reset.

death was caused, at least in part, by cardiac disease. Thus, Plaintiff cannot prevail on her breach of contract claim based on Defendant's denial of benefits under the policy. 2) Plaintiff cannot establish bad faith because her breach of contract claim fails and because Defendant made a reasonable decision based on the medical evidence obtained during its investigation. 3) Plaintiff cannot prevail on her claim of unjust enrichment because equitable relief is unavailable when a legal remedy exists. 4) Plaintiff's claim that Defendant committed unfair and deceptive acts and practices in violation of the Oklahoma Insurance Code lacks merit. 5) Plaintiff's claims fail because she did not timely designate expert witnesses and submit expert reports, and thus she lacks medical evidence to prove causation of Mr. Morrison's death.

Plaintiff has timely responded to Defendant's Motion with both a substantive response regarding the merits of her claims,[2] and a procedural objection to the Motion. Namely, Plaintiff points out that the deadline for her to designate an expert and provide his expert report has not expired, and that she lacks necessary evidence to make a full response because discovery was interrupted by the stay and has not been completed. Plaintiff's counsel provides an affidavit, as required by Fed. R. Civ. P. 56(d), regarding the necessary discovery that remains to be done. The affidavit is accompanied by transcripts of the record made by counsel at certain key depositions that were scheduled but not conducted due to the alleged failure of defense counsel and his witnesses (Defendant's employees) to appear at the place

---

[2] Notably, Plaintiff makes no response to Defendant's arguments regarding her claim of deceptive insurance practices, and therefore, she apparently has abandoned this claim. If this is the case, a stipulation of dismissal of this claim pursuant to Fed. R. Civ. P. 41(a)(1) would be appropriate.

and time scheduled for the depositions. Defendant's reply brief does not address Plaintiff's procedural objections except to state, inexplicably, that Plaintiff's request to deny or defer ruling on the Motion should be denied because she failed to comply with Rule 56(d) in that no declaration or affidavit was provided.[3]

Upon consideration of the issues presented by Plaintiff's response, the Court finds that the Motion should be denied without prejudice to resubmission at a later time. The reasons for this finding are three-fold. First, at least one basis for the Motion has been overcome by subsequent events; Plaintiff has not failed to make expert disclosures in a timely manner. Second, when Plaintiff does provide her expert's report, it may reveal medical opinions that will enable her to demonstrate a genuine dispute of fact regarding causation, and thus, Defendant's substantive arguments would also be impacted. Third, through oversight of the Court and, presumably, the parties, there currently is no case schedule in place. Discovery is incomplete, and Plaintiff should have a reasonable opportunity to conduct necessary discovery before being required to marshal her evidence. Although one might question whether her counsel has been reasonably diligent in his efforts, Defendant's counsel also has acted with a lack of diligence at times. Because subsequent developments in discovery may impact the summary judgment issues, the Court finds that Defendant should file a new motion at an appropriate time, according to the new case schedule to be entered by the Court.

---

[3] Defendant also makes incorrect procedural arguments regarding admissibility of evidence. Defendant conflates the business records exception and the medical diagnosis exception to the hearsay rule. Moreover, "[a]t the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or the substance of the evidence must be admissible." *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1122 (10th Cir. 2005).

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 44] is DENIED pursuant to Rule 56(d)(1), without prejudice to the refiling of a second motion in the future. The parties are instructed to confer regarding an appropriate case schedule, and to submit a proposed scheduling order for consideration by the Court within 14 days from the date of this Order. If the parties cannot agree on a case schedule, Plaintiff shall move within 14 days of this Order for the entry of a proposed schedule, and inform the Court of the nature of the parties' disagreement.

IT IS SO ORDERED this 20th day of September, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE