IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

INGRID MORRISON, Individually )
and as Surviving Spouse of J.D. )
MORRISON, deceased, )
　)
  Plaintiff, )
　)
v. )  Case No. CIV-11-1204-D
　)
STONEBRIDGE LIFE INSURANCE )
COMPANY, )
　)
  Defendant. )

**O R D E R**

Before the Court is Plaintiff's Motion for Sanctions and Costs [Doc. No. 127], filed pursuant to Fed. R. Civ. P. 30(g) and 37(a)(5). Defendant has timely opposed the Motion, which is fully briefed.[1]

By her Motion, Plaintiff accuses Defendant's counsel of unprofessional conduct with regard to scheduling conflicts encountered during discovery, including the last-minute cancellation of a deposition of Plaintiff's expert due to weather-related travel problems and Defendant's filing of an allegedly unjustified motion to compel discovery that was later withdrawn. Plaintiff also accuses Defendant and its counsel of generally failing to cooperate and "stonewalling" discovery, and allegedly causing Plaintiff undue burden and expense, particularly in connection with the depositions of two employees of Defendant. Defendant

---

[1] The time for filing a reply brief has expired. *See* LCvR7.1(i).

has responded with its own litany of complaints regarding the conduct of Plaintiff's counsel, and a denial of Plaintiff's accusations.[2]

Rule 30(g) authorizes a district court to order payment of reasonable expenses to a party who attends a deposition noticed by an opposing party if the noticing party fails to attend the deposition. The rule places the decision whether to make an award within the discretion of the district court. *See Renfro v. Spartan Computer Serv., Inc.*, No. 07-2050-CM, 2008 WL 650338 (D. Kan. March 6, 2008).

Rule 37(a)(5) authorizes an order for payment of reasonable expenses incurred in connection with a motion to compel discovery. This rule permits an award in favor of the moving party if the motion to compel is granted, permits an award in favor of the opposing party if the motion is denied; and permits an apportionment of expenses if the motion is granted in part and denied in part. The rule does not provide for an award if the motion is withdrawn, as was the case here. *See Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 605 (10th Cir. 1984).

Plaintiff cites no procedural rule or legal authority for an award of expenses against a party who "stonewalls" discovery; she does not contend an assessment is warranted under any provision of Rule 37. The Court is aware of statutory authority for assessing excessive costs against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C. § 1927. However, the statute sets "an extreme standard," and

---

[2] Defendant's initial response, which was stricken for non-compliance with LCvR7.1(c), included a counter-motion for sanctions against Plaintiff and her counsel.

"a court should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice." *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotations omitted).

Upon consideration of the parties' briefs, and the undersigned's personal knowledge of the parties' multiple discovery disputes in this case, the Court declines to make an award to Plaintiff of expenses sought by the Motion. First, Plaintiff has failed to show compliance with LCvR37.1 with respect to her Motion. The requirement of an informal conference between counsel is applicable to "all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37." *See* LCvR37.1. Further, in the Court's view, counsel for both parties have at times failed to engage in reasonably cooperative efforts to conduct discovery and avoid unnecessary disputes. The Court declines to sanction Defendant, or to compensate Plaintiff, with an award of costs and expenses that might have been avoided or amicably resolved with such effort.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions and Costs [Doc. No. 127] is DENIED.

IT IS SO ORDERED this 9th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE